## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

**DEBORAH V. LONGCRIER,**

    **PLAINTIFF,**

**VS.**　　　　　　　　　　　　**CIVIL ACTION NO.** $08-11$

**HL-A CO., INC.,**

    **DEFENDANT.**　　　　　　**JURY DEMAND REQUESTED**

### COMPLAINT

## I.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202, 29 U.S.C. §2617(a)(2), and pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and jurisdiction for pendent state law claims.  This is a suit authorized and instituted pursuant to the "Family and Medical Leave Act of 1993" (FMLA).  The jurisdiction of this Court is invoked to secure the protection for and to redress the deprivation of rights secured by the FMLA and the FLSA.  An Opt-in Collective Action is sought under FLSA 16(b).

1

## II.   PARTIES

2.     Plaintiff, Deborah V. Longcrier   ("Plaintiff" or "Longcrier"), is a resident of the State of Alabama and performed work for the Defendant in the counties composing the Southern District of Alabama.  Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).  Thus pursuant to 28 U.S.C.§ 1391(b), venue for this action properly relies in the Southern District, Northern Division.

3.     Defendant, HL-A Co., Inc. (Defendant) is registered to do business in the State of Alabama.  Defendant has a location in Selma, Alabama.  Therefore, this Court has personal jurisdiction over Defendant.  Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(f).  Defendant is a company doing business in Selma, Dallas County, Alabama.

## III.   STATEMENT OF FACTS

4.     Longcrier hereby incorporates by reference each of the allegations contained in paragraphs 1-3 above.

5.     Longcrier worked for Defendant from October 17, 1994, through July 20, 2007.  Her last rate of pay was $11.47 per hour.

6.     At all times while employed with Defendant, Longcrier was properly classified as a non-exempt, hourly paid employee.

7.     Plaintiff and similarly situated employees regularly worked over forty hours in a work week for which they were paid 1 ½ times their regular hourly rate for <u>some</u> of those hours.

8.     Plaintiff and every hourly employee of Defendant during the period relevant to this action (three years preceding the date of filing of this complaint) were required to "swipe" a time clock when reporting to and leaving work, and when going and returning to work.

9.     Employees typically clock in 1 to 14 minutes before the start of their shift, and begin work.

10.    Defendant rounds employees' time up to the start of the shift, causing Longcrier and other similarly-situated employees to work "off the clock."

11.    Longcrier and other similarly-situated employees are suffered and permitted to work off the clock for 1 to 14 minutes per day for which they receive no compensation.

12.    If an hourly employee swipes their time clock either before or at the time of the start of their work shift, they are paid commencing with the start of their scheduled work shift.  If they clock in one to fourteen minutes late at the start of their work shift, they lose the first fifteen minutes of their compensable time for the day in violation of the FLSA.  All time is rounded <u>down</u> for this fifteen minute

3

period, as opposed to rounding "up" or "down," whichever is closest, in accord with 29 C.F.R. § 785.48(b).

13.   When hourly employees clock back in from a thirty minute lunch break, and if they are one to fourteen minutes late in clocking back in, they have fifteen minutes of compensable time removed from their reported time for the work day in violation of 29 C.F.R. § 785.48(b).

14.   If an employee clocks in 1 to 14 minutes late, either at the beginning of the work shift or returning from a lunch break, his/her compensable time is reduced by 15 minutes.

15.   If an hourly employee clocks out early before the end of their scheduled work shift or for their lunch break by as little as one minute, they lose an entire fifteen minutes of compensable time for their reported work time for that day in violation of 29 C.F.R. § 785.48(b).

16.   Plaintiff and similarly situated employees had deducted from their compensable time for the work day thirty minutes for lunch, regardless of whether they took the lunch or not.   Management of Defendant suffered and permitted this practice even though management was aware of the fact that Plaintiff and similarly situated employees were working "off the clock" during these thirty minutes scheduled work breaks.   Other hourly employees whom Plaintiff seeks to represent

4

in this collective action suffered the same FLSA violations as did Plaintiff for these automatic deductions for lunch breaks, whether taken or not.

17.    Hourly, non-exempt employees of Defendant regularly work "rolling" shifts having every other Sunday off.  If they worked on their off Sunday, they would by Defendant's practice, receive double time pay.  If an employee is one to fourteen minutes late on any single day reporting for work (according to time clock records) at the start of their shift or returning from lunch or clocking out early before the end of their scheduled shift or for lunch, for the week preceding the off Sunday work day that he or she works, the hourly employee is only paid straight time for the Sunday work.  The double time pay policy of Defendant is abandoned under such circumstances, and Defendant fails to pay hourly, non-exempt employees guilty of a single minute or more time deficiency on a single day during the preceding week from being paid 1 ½ times their regularly hourly rate as required by the FLSA even where the hours for the work week exceed forty hours.

18.    Plaintiff and other similarly situated employees are required each work day to pass through a security check point prior to clocking in for work.

## IV.    COUNT ONE – FLSA Violations

19.    Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-18 above.

5

20.     Defendant has willfully violated the FLSA to the damage of each

Plaintiff in the following:

- Suffering and permitting Plaintiff and similarly situated employees to work off the clock pre-shift.

- Failing to comply with the FLSA and regulations, particularly 29 § 785.48(b), for non-payment for reporting to work one to fourteen minutes after the scheduled shift start time; return from lunch break start time; leaving one minute or more before the end of the scheduled shift; or leaving one minute or more before start of the scheduled lunch break.

- Suffering and permitting Plaintiff and similarly situated employees to work "off the clock" during lunch.

- Failing to pay Plaintiff and similarly situated employees 1 ½ times their regular hourly rate for working if they are one minute or more late clocking in for a scheduled shift; returning from lunch; clocking out one minute or more early from the end of the scheduled shift or at the beginning of lunch break during the preceding week, even where such work entails hours in excess of forty in a work week.

- Failing to pay Plaintiff and similarly situated employees overtime pay for time worked off the clock going through security procedures pre and post shift.

21.     Defendant only pays overtime if pre-approved.

22.     As a result of Defendant's violations of the FLSA, Longcrier has been

damaged, suffering loss of pay.

## V.     COUNT TWO – Opt-In Collective Action

23.     Plaintiff hereby incorporates by reference each of the allegations

contained in paragraphs 1-22 above.

6

24.     Plaintiff brings this suit as an opt-in collective action pursuant to the FLSA 16(b).

25.     The potential class is comprised of any and all persons employed as hourly employees by Defendant at any time during the three (3) years preceding the filing of this Complaint.

26.     Upon information and belief, the same practices alleged in the aforementioned paragraphs comprise violations of the FLSA against other employees, thereby presenting both common questions of law and fact common to the class.

27.     Upon information and belief, the claims of the representatives, Plaintiff, are typical of claims of the class.  Plaintiff was subjected to the same unlawful employment practices concerning inaccurate reporting of time, failure to pay overtime pay, and other violations of the Fair Labor Standards Act, as were other members of the class.

28.     Upon information and belief, Plaintiff will fairly and adequately protect the interests of the class in that she shares common interests with the other members of the class and have employed counsel who will vigorously prosecute the interests of the class.

29.     Upon information and belief, the questions of law and fact common to the members of the class predominate over any questions affecting only individual

7

members as the same practice of employing class members without paying them in accord with the FLSA was used by Defendant on all class members.

30.     Upon information and belief, this collective action is superior to other available methods to the fair and efficient adjudication of the controversy because of the large number of potential plaintiffs; because of the relatively moderate amount of damages available to potential plaintiffs were they to commence an individual action; and, because of the predominate factual and legal questions common to all class members.

## VI.   COUNT THREE – WORK & LABOR

31.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-30 above.

32.     This claim is brought on behalf of all Plaintiffs, both opt-in and named.

33.     Defendant owes each Plaintiff for work and labor performed by Plaintiffs for a period of up to two years preceding the filing date of the original complaint for work performed by each Plaintiff at Defendant's request.

34.     To the extent one or more Plaintiffs has worked "off the clock" for any portion of a shift during a week in which he or she did not work over forty hours, Plaintiff is due his or her straight time hourly rate pursuant to work and labor performed.

35.  As a result of Defendant's failure to pay each Plaintiff for work and labor performed for its benefit, each Plaintiff has been damaged, suffering loss of income.

## VII.  COUNT FOUR – FMLA RETALIATION (Longcrier Only)

36.  Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-35 above.

37.  On July 11, 2007, Plaintiff went to a doctor's appointment with her neurologist for an FMLA qualifying intermittent leave.  She reported her absence to Audrey Morgan, a co-worker, in accord with Defendant's policy.

38.  Roger Fisher, HR Manager, required Plaintiff to come to his office on July 17, 2007 at the end of her shift.  He questioned her regarding why she was off work on July 11, 2007.  Plaintiff explained to him that it was based upon FMLA intermittent leave.

39.  Plaintiff had been previously approved by Defendant for leave under the FMLA, including intermittent leave, for nerve damage to her neck.

40.  Plaintiff had to regularly see a neurologist every month about her FMLA qualifying condition.

41.  Plaintiff reported to Morgan and to Fisher that she had gone to see her neurologist because of her neck, nerve damage.

42.     Fisher sent Plaintiff home after meeting with her on July 17, 2007. On July 20, 2007, he fired Plaintiff for absentee points.

43.     Defendant's absentee policy does not allow assignment of points for FMLA related absences.  Plaintiff was assigned points for her FMLA intermittent leave of July 11, 2007 in violation of Defendant's policies.

44.     Defendant's actions in terminating Plaintiff, in retaliation for her use of intermittent FMLA leave, pre-approved by Defendant, and with knowledge of Defendant at the time of the termination is violative of the FLMA.

45.     As a result of Defendant's intentional violation of the FMLA in retaliation for Plaintiff's use of her rights under that Act, Plaintiff has been damaged, suffering loss of pay.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

A.      The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.      The Court issue judicial notice for potential class members to opt-in under the FLSA or, in the alternative, that the Court will certify the class for this action;

C.      This Court award Plaintiff and other similarly situated employees and former employees of Defendant the amount of their unpaid overtime wages, plus

an additional equal amount as liquidated damages, as well as compensatory damages;

     D.    That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

     E.    For such other and further relief as this Court deems equitable, proper and just.

Respectfully submitted,

David R. Arendall

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office; 205.252.1556 – Facsimile

PLAINTIFF REQUESTS A TRIAL BY JURY FOR THIS CAUSE

Of Counsel

SERVE DEFENDANT:
HL-A Co., Inc.
c/o Dennis Moore, Registered Agent
902 Ravenwood Drive
Selma, AL  36701-6723

11