IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DEBORAH V. LONGCRIER,** *et al.*,      ) | |
|                                        ) | |
|     **Plaintiffs,**                         ) | |
|                                        ) | |
| v.                                     ) | CIVIL ACTION 08-0011-WS-C |
|                                        ) | |
| **HL-A CO., INC.,**                         ) | |
|                                        ) | |
|     **Defendant.**                         ) | |

**ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss the Claims of Gregory Pickett and Rosie Brown (doc. 71).

Pickett and Brown are two of six named plaintiffs in this action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, seeking back wages constituting unpaid overtime compensation. Defendant properly noticed Pickett's and Brown's depositions for January 14, 2009. When neither Pickett nor Brown appeared, without explanation or excuse, defendant rescheduled their depositions for January 16, 2009 to accommodate them. Once again, and despite plaintiffs' counsel's extensive, documented efforts to secure their presence (as set forth in the transcript found at document 71-3), neither Pickett nor Brown ever appeared for those deposition settings. Based on Pickett's and Brown's unexplained and unexcused failure to appear, defendant seeks dismissal of their claims pursuant to Rules 37(d) and 41(b), Fed.R.Civ.P.

Upon the filing of defendant's Motion to Dismiss, plaintiffs' counsel requested and were granted leave to withdraw from representation of Pickett and Brown "due to their failure to cooperate with [counsel] in regards to scheduling their depositions in this matter." (Doc. 73, ¶ 3.) On January 30, 2009, plaintiffs' counsel furnished Pickett and Brown with written notice of defendant's Motion to Dismiss and plaintiffs' counsel's request to withdraw from representing them, and notified them that they needed to inform counsel or the Court in writing if they opposed that Motion. Despite such notice, Pickett and Brown never submitted any opposition to the pending Motion to Dismiss, never explained their repeated failure to cooperate with the

efforts of opposing counsel and their own attorneys of record to conduct lawful and proper depositions pursuant to the Federal Rules of Civil Procedure, and never otherwise submitted any filings whatsoever to suggest that they are interested in pursuing their claims against HL-A in these proceedings.  By all appearances, Pickett and Brown have simply abandoned their claims.

Given these circumstances, the Court is persuaded that dismissal of Pickett and Brown's claims without prejudice is the only appropriate sanction for their misconduct.  A wealth of authority supports that conclusion, pursuant to both the Federal Rules of Civil Procedure and the inherent powers of this Court.  *See, e.g.,* Rule 37(d), Fed.R.Civ.P. (authorizing sanctions, up to and including dismissal, for a party's failure to appear, after being served with proper notice, for that person's deposition); *Eagle Hospital Physicians, LLC v. SRG Consulting, Inc.*, --- F.3d ----, 2009 613603, *5-6 (11th Cir. Mar. 12, 2009) (where a party demonstrates bad faith by delaying or disrupting the litigation, the district court "may impose sanctions for litigation misconduct under its inherent power"); *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (where necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in court calendars, "[t]he court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order"); *Clark v. Keen*, 2009 WL 179674, *5 (M.D. Fla. Jan. 23, 2009) (finding that dismissal was the only appropriate sanction for plaintiffs' willful failure to attend their depositions, where their conduct was "a flagrant and willful refusal to do something which Plaintiffs knew they had an obligation to do").

The Court finds that Pickett and Brown demonstrated bad faith in failing and refusing to cooperate with defendant's counsel's setting of their depositions, particularly where their own attorneys undertook extensive efforts to coordinate and secure their appearance at those depositions.  This is a case where the fault for Pickett and Brown's failure to appear at their depositions lies squarely and solely with them, not with their lawyer or opposing counsel.  By all appearances, Pickett and Brown willfully failed and refused to attend their depositions on two separate occasions without explanation or apology, even after the attorneys rescheduled those depositions at least once to accommodate them.  Furthermore, dismissal is warranted because of Pickett's and Brown's evident abandonment of their claims by virtue of their disregard of their own former counsel's efforts to secure their appearance and their failure to respond in any way despite notice of the Motion to Dismiss and the withdrawal of their attorneys.  After careful

consideration of all matters presented, this Court is of the opinion that no lesser sanction than dismissal will suffice, under both a Rule 37(d) analysis and an inherent-powers analysis.

For all of these reasons, defendant's Motion to Dismiss (doc. 71) is **granted**, and all claims brought herein by plaintiffs Gregory Pickett and Rosie Brown are **dismissed without prejudice** for failure to appear for their properly noticed depositions and failure to undertake reasonable efforts to prosecute their claims in this District Court.[1]

The Clerk of Court is **directed** to mail copies of this Order to Pickett and Brown at the following addresses supplied by their former attorneys: Gregory Pickett, 17C GWC Homes, Selma, AL 36701; and Rosie Brown, 1 Luker Circle, Selma, AL 36701.

DONE and ORDERED this 7th day of April, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] To the extent that defendant is requesting dismissal of Pickett's and Brown's claims with prejudice, the Motion to Dismiss is **denied**. In the Court's view, dismissal with prejudice would be an excessively harsh sanction for these plaintiffs' misconduct, which ultimately consists of nothing more than their unexplained no-show at two deposition settings and their failure to respond to a pending Motion to Dismiss (which did not attack their claims on the merits) following the withdrawal of their attorneys of record.