IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEBORAH V. LONGCRIER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0011-WS-C |
| | ) |
| HL-A CO., INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on the parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (doc. 84).

The Joint Motion reflects that the parties have reached a compromise and settlement of all claims joined in this conditionally certified FLSA collective action, including Fair Labor Standards Act claims for unpaid overtime brought by four named plaintiffs and 79 opt-in plaintiffs, "work and labor" claims brought by all plaintiffs, and Family and Medical Leave Act claims that are exclusive to plaintiff Deborah Longcrier. In furtherance of their settlement, the parties have jointly requested judicial approval of their agreement and dismissal of this lawsuit with prejudice. Applicable law requires district courts to review proposed settlements (including arrangements for attorney's fee awards) in private actions for back wages under the FLSA, because employee rights under that statute cannot be waived or abridged by contract.[1] The parties agree that such judicial review and approval is necessary, and have furnished the Court with documentation and information to facilitate the review / approval process.

---

[1] *See, e.g., Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dep't of Labor, Employment Standards Admin., Wage and Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.") (citation omitted); *Silva v. Miller*, 2009 WL 73164, *2 (11th Cir. Jan. 13, 2009) (construing *Lynn's Food* as mandating judicial oversight of FLSA settlements in private actions, even when the employee receives all wages due).

On April 8, 2009, the undersigned entered an Order (doc. 86) finding that the settlement amounts to be paid to plaintiffs appeared fair and reasonable, and noting specifically that each plaintiff's agreement / release acknowledged that the settlement amount represented 100% of the funds to which he or she is entitled under the FLSA and otherwise.[2]  All information before the Court suggests that the settlement amounts to be paid to the named and opt-in plaintiffs are fair and reasonable, and that the settlement is in plaintiffs' best interests.  Nonetheless, the April 8 Order pointed out that the parties' Joint Motion lacked sufficient detail to enable the Court to evaluate the reasonableness of the agreed-upon award of attorney's fees to plaintiffs' counsel in the amount of $103,000, which is more than twice the value of the settlement proceeds allocated to plaintiffs themselves.  *See Silva v. Miller*, 2009 WL 73164, *2 (11th Cir. Jan. 13, 2009) (recognizing that judicial review of legal fees in FLSA settlements is necessary "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement").  For that reason, the April 8 Order directed the parties to file a supplemental evidentiary submission supporting the attorney's fee aspect of the settlement.  Plaintiffs have now done so, and defendant has filed a supplemental submission reflecting that it has no argument or evidence to add, except to confirm defendant's agreement to the requested attorney's fee amount after good-faith negotiations.  (*See* docs. 87, 89.)  As amplified by these supplemental filings, the Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (doc. 84) is now ripe for disposition.[3]

---

[2]    Additionally, counsel for both plaintiffs and defendant have represented to the Court in separate filings that the resolution of plaintiffs' claims was the product of good-faith, arm's-length negotiations between the two sides. (*See* doc. 87, at 13; doc. 89, at 2.) Both named and opt-in plaintiffs appear satisfied that the settlement amounts fairly and fully compensate them for all sums owed under the FLSA (and in plaintiff Longcrier's case, under the FMLA), inasmuch as all four named plaintiffs and 65 of the 79 opt-in plaintiffs have executed and returned their agreements, with none of the others alerting counsel to any objection to same. (Doc. 88, at 1.)

[3]    The April 8 Order also required the parties to supplement their Joint Motion to the extent that they are requesting the Court to retain jurisdiction over enforcement and administration of the settlement.  In response, the parties have filed a Joint Status Report (doc. 88) acknowledging that if the Court approves the settlement and this action is dismissed with prejudice, then "[t]here is no need for the Court to retain jurisdiction of this matter." (Doc. 88, at

Plaintiffs correctly posit that the reasonableness and fairness of the attorney's fee component to the proposed settlement in this case turns on a lodestar analysis. It is well established that "[t]he starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. ... The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (internal citations and quotation marks omitted).[4] In determining a reasonable hourly rate and reasonable hours expended, district courts examine the twelve factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Bivins*, 548 F.3d at 1350-51.

The Court has carefully reviewed plaintiffs' thorough Submission Regarding Attorney's Fees and Costs (doc. 87). In particular, the Court has studied the itemized time records submitted on behalf of plaintiffs' attorneys and paralegals, and deems the documented hours of labor as having been reasonably expended on the litigation, with particular attention to the time-consuming nature of plaintiffs' pre-litigation investigation, the discovery process, briefing on conditional class certification and related matters, and negotiation of a mutually satisfactory settlement. Furthermore, examination of plaintiffs' counsel's evidentiary submission in support of their requested hourly rates justifies a conclusion that the hourly rate used for each legal professional is reasonable, based on counsel's experience, the market rate in the relevant community, the rates charged by the same attorneys in other matters, and the opinions of other practitioners in the same legal field and geographic territory. The apparent reasonableness of both the hours worked and the hourly rates applied is bolstered by defendant's acquiescence in,

---

1.) Because this Order does in fact approve the settlement and dismiss this action with prejudice, the parties' Joint Status Report obviates the need to examine further the retention-of-jurisdiction aspect of the parties' initial request for approval of settlement.

[4]     *See also Association of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006) ("In calculating a reasonable attorney's fee award, the court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services to reach a sum commonly referred to as the 'lodestar.' ... The court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit.").

and lack of objection to, any of plaintiffs' calculations. The resulting lodestar produces a figure slightly in excess of the $103,000 attorney's fee payment to which the parties agreed in their settlement. Thus, plaintiffs' submission provides a sturdy factual backbone justifying a determination that the attorney's fee aspect of the settlement is fair and reasonable. Scrutiny of this lodestar figure through the prism of factors that may warrant upward or downward adjustment of the lodestar to reach a more appropriate attorney's fee does not reveal any clear basis for disturbing the presumption of reasonableness that otherwise attaches to the lodestar calculations, nor does it warrant modification of the parties' agreed figure for attorney's fees.

For all of the foregoing reasons, and under the case-specific factual and procedural posture of these proceedings, the Court concludes that the attorney's fee component of the parties' proposed settlement as a whole comports with principles of fairness and reasonableness, such that it is in the best interests of both named and opt-in plaintiffs. Accordingly, it is hereby **ordered** as follows:

1. The Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (doc. 84) is **granted**, based on the Court's determination that the Agreement between the parties constitutes a fair and reasonable resolution of plaintiffs' claims;
2. Pursuant to the parties' agreement, all claims in this action are **dismissed with prejudice**;
3. Each party is responsible for bearing his, her or its costs, attorney's fees and expenses, except as otherwise provided in the Joint Motion (with defendant agreeing to pay $103,000 to plaintiffs' attorneys, the Arendall Law Firm);
4. The Court understands that most plaintiffs have already signed their individual-specific agreements; however, any named or opt-in plaintiff desiring to receive the settlement proceeds described in the Joint Motion must sign the appropriate settlement documents not later than **90 days** after the date of this Order, at which time plaintiffs' counsel will return any unclaimed settlement checks to defendant;
5. All claims in this action having been dismissed, the Clerk's Office is **directed** to close this file; and

6.  No other order shall be forthcoming from the Court except upon application by any party for final judgment, as prescribed by Rule 58, Fed.R.Civ.P.

**DONE** and **ORDERED** this 24th day of April, 2009.

                                                            s/ WILLIAM H. STEELE
                                                            UNITED STATES DISTRICT JUDGE